**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBORAH L. BAKER, | No. 15-35284 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05296-MJP |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted December 19, 2017[**]

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Deborah L. Baker appeals the district court's affirmance of the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title XVI of the Social Security Act. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The administrative law judge ("ALJ") did not commit harmful error in evaluating Baker's medical evidence, despite Baker's numerous arguments to the contrary. The ALJ did not err by not discussing evidence from three psychologists who evaluated Baker prior to her alleged onset date, as ALJs are not required to discuss evidence "that is neither significant nor probative," *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003), and medical opinions predating the alleged onset date "are of limited relevance," *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). However, even if omitting discussion of this evidence was error, it would not amount to harmful error that affected the outcome of the ALJ's decision because this evidence is consistent with medical evidence the ALJ did discuss. Because Baker has not demonstrated how substantively similar evidence could affect the ALJ's ultimate nondisability determination, any error was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012); *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015).

Two of the reasons the ALJ provided for discounting examining psychologist Dr. Wheeler's opinion were not legally valid, namely that Dr. Wheeler's opinion that Baker's behavior would distract others in the workplace

2

was inconsistent with evidence that she could complete her daily living activities, and that Dr. Wheeler examined Baker for a DSHS benefits application, rather than for treatment purposes. However, Baker has not shown these errors affected the ALJ's ultimate nondisability determination, as the ALJ provided other specific and legitimate reasons for discounting Dr. Wheeler's opinion, including highlighting inconsistencies within Dr. Wheeler's opinion and conflicts between Dr. Wheeler's evidence and other medical evidence in the record. As a result, any error was harmless. *See Zavalin*, 778 F.3d at 845.

Baker's argument that the ALJ erred in assessing the evidence from examining psychologist Dr. Coder lacks merit. Baker contends the ALJ erred by neglecting to discuss the GAF score Dr. Coder assigned Baker. However, the ALJ did discuss this GAF score and explained that it carried little weight because it was unclear whether the score measured Baker's symptoms or functionality. Thus, its utility for evaluating Baker's residual functional capacity ("RFC"), which is based on a claimant's functional abilities, was limited. *See Garrison v. Colvin*, 759 F.3d 995, 1002 n.4 (9th Cir. 2014). Baker is also incorrect that the ALJ omitted Dr. Coder's opinion that Baker's ability to adapt to routine changes was impaired, as the ALJ included in the RFC that Baker was limited to "work that does not require more than occasional changes in work setting or work processes."

Baker's assertion that the ALJ erred by discounting evidence from examining psychologist Dr. Tarantino also fails. The ALJ pointed out specific and legitimate reasons for according Dr. Tarantino's opinion little weight, including its inconsistency with other evidence in the record and that the opinion was largely based on Baker's subjective reports, which the ALJ properly discredited. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Even if other reasons the ALJ enumerated for discounting Dr. Tarantino's opinion do not clear the "specific and legitimate" bar, substantial evidence still supports the ALJ's conclusion, rendering any error harmless. *See Carmickle*, 533 F.3d at 1162-63; *Zavalin*, 778 F.3d at 845.

Baker argues the ALJ erred by affording too much weight to the opinions of consulting psychologists Drs. Postovoit and Eather because the opinions of non-examining psychologists are entitled to less weight than evidence from examining psychologists, and because these doctors did not review evidence obtained after May 2011. Nevertheless, Baker does not articulate how the ALJ erred in relying on these medical opinions or how this alleged error impacted the ALJ's decision. Because Baker has not argued this issue "specifically and distinctly," she has not preserved it for the Court's review. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003); *Carmickle*, 533 F.3d at 1161 n.2.

4

Baker's assertions that the ALJ erred in evaluating the evidence concerning her alleged physical impairments from Drs. Gaffield, Bunnell, and Hoskins also lack merit. Baker argues the ALJ erred by affording Dr. Gaffield's opinion significant weight despite the fact that the evaluation took place two weeks before Baker broke her leg. However, Baker does not explain how this injury affected her functional abilities for a span of at least twelve months, as required to qualify as a disability under the act, *see Garrison*, 759 F.3d at 1010, nor does she clarify how this injury otherwise affected Dr. Gaffield's assessment.

Baker's objection to the ALJ giving significant weight to Dr. Bunnell's opinion also lacks merit. Although Baker contends Dr. Bunnell's clinical findings are inconsistent with his opinion, Baker's argument simply amounts to an alternative interpretation of the medical evidence. Resolving inconsistencies in the medical record is the domain of the ALJ, not this Court. *See Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

In addition, Baker maintains that the ALJ erred by granting significant weight to Dr. Hoskins' opinion because Dr. Hoskins did not adequately account for Baker's subjective complaints and his opinion is inconsistent with Dr. Bunnell's findings. However, Baker makes these perfunctory assertions without elucidating

what information Dr. Hoskins' opinion failed to take into account or describing how the two doctors' opinions conflict.

The ALJ did not err in discounting Baker's testimony concerning the extent of her symptoms and their limiting effects. The ALJ applied the requisite two-step framework and cited specific, clear, and convincing reasons for discounting portions of Baker's testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ pointed to inconsistencies between Baker's testimony and her reports to treatment providers, a lack of supporting objective medical evidence, evidence that some of Baker's symptoms were well controlled with treatment, the fact that Baker received little treatment for her alleged symptoms and did not follow certain prescribed courses of treatment, and examples of Baker failing to report to her treatment providers symptoms she alleged in her benefits application.

Although Baker argues the ALJ erred by not acknowledging that the medical evidence of record, considered in its entirety, supports Baker's testimony about her limitations, Baker does not support this argument with any further explanation or citation. As a result, this contention does not amount to a specific and distinct argument, as required to invoke this Court's review. *See Indep. Towers of Wash.*, 350 F.3d at 929-30; *Carmickle*, 533 F.3d at 1161 n.2.

6

Baker's assertion that the ALJ's failure to properly evaluate the medical evidence "tainted" the evaluation of Baker's testimony also lacks merit, as it is tethered to Baker's failure to show the ALJ committed harmful error when assessing the record.

While Baker argues the ALJ cannot reject her testimony based solely upon whether objective evidence supports the alleged severity of her symptoms, the ALJ posited reasons in addition to the lack of objective medical evidence for discounting her testimony. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

Baker's contention that the ALJ erred by relying on her lack of treatment to discount her testimony because she alleges there is no evidence indicating treatment would have improved her impairments to the point where she would have been able to work also lacks merit. This Court has explained that when one of the alleged disabling symptoms is physical pain, failure to seek treatment may be probative of credibility. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). Although it is possible a claimant's mental health could impede her ability to seek treatment, where, as here, there is no evidence lack of treatment was attributable to mental impairment, an ALJ may rely on lack of treatment to discount claimant testimony. *See Molina*, 674 F.3d at 1113-14.

Although Baker takes issue with other reasons the ALJ proffered for discounting her testimony, even if the reasons she disputes are not clear and convincing, the ALJ's other reasons are sufficient grounds for discounting her testimony, rendering any error harmless. *See Bray*, 554 F.3d 1219, 1227.

The ALJ also did not commit harmful error in neglecting to discuss lay witness evidence from a Social Security employee who interviewed Baker and reported Baker had difficulty with mobility and needed to stand periodically due to pain in her back and hips. The ALJ credited more reliable medical evidence that contradicted this lay witness opinion, and Baker has not shown how omitting discussion of the lay witness testimony would have changed the ALJ's decision. Thus, any error was harmless. *See Molina*, 674 F.3d at 1119.

Finally, the ALJ did not err in analyzing Baker's RFC or in making the Step Five findings. These assertions of error stem from other errors Baker alleged concerning the preceding steps in the sequential analysis, none of which Baker has shown were harmful. In addition, Baker's argument that the ALJ erred by disregarding the fact that when Baker's counsel asked the vocational expert to assume additional limitations in the hypothetical the vocational expert stated that these limitations would "exceed employee tolerances" also fails. An ALJ is not required to "accept as true the restrictions presented in a hypothetical question

propounded by a claimant's counsel," *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989), and is free to "reject restrictions in a hypothetical question that are not supported by substantial evidence," *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

**AFFIRMED.**